IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| CHARLES HARVEY ROLUS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-15-1162-STE |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

I.  **PROCEDURAL BACKGROUND**

Plaintiff's applications were denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 23-35). The Appeals Council denied Plaintiff's request for review. (TR. 1-4). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 21, 2012, the alleged disability onset date. (TR. 25). At step two, the ALJ determined Mr. Rolus had severe impairments of degenerative disc disease; diabetes mellitus; Chiari malformation; status post posterior fossa decompression; enlarged prostate; and chronic obstructive pulmonary disease. (TR. 25). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 26).

At step four, the ALJ found that Plaintiff did not have any past relevant work. (TR. 33). The ALJ further found Plaintiff had the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can never climb ladders, ropes, or scaffolds; can occasionally stoop or climb ramps or stairs, and can frequently crouch. The claimant can have occasional exposure to irritants such as odors, fumes, dusts, or gases. The claimant can also have only occasional exposure to hazards, such as moving machinery, unprotected heights, or raw chemicals or solutions.

(TR. 27).

Based on the finding that Mr. Rolus had no past relevant work, the ALJ proceeded to step five. There, he presented the limitations from the RFC to a vocational expert (VE) to determine whether there were other jobs Plaintiff could perform. (TR.

67). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles. (TR. 67-68). The ALJ adopted the testimony of the VE and concluded that Mr. Rolus was not disabled based on his ability to perform the identified jobs. (TR. 34).

## III.  ISSUES PRESENTED

On appeal, Plaintiff alleges errors at steps three, four, and five. First, Mr. Rolus alleges that at step three, the ALJ erred in concluding that Plaintiff did not meet or equal Listing 1.04(A). At step four, Plaintiff alleges that the ALJ erred in the credibility analysis, which affected the RFC determination and the step five findings.

## IV.  STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## V.     NO ERROR AT STEP THREE

Mr. Rolus alleges that the ALJ erred at step three because: (1) the ALJ ignored medical evidence which established that Plaintiff met Listing 1.04(A) and (2) the ALJ failed to discuss the applicability of Listing 1.04(A). The Court rejects these arguments.

### A.     Criteria at Step Three

At step three, the ALJ must determine whether the claimant's impairment is "equivalent to one of a number of listed impairments that the Secretary acknowledged as so severe as to preclude substantial gainful activity." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). If this standard is met, the claimant is considered *per se* disabled. *Knipe v. Heckler*, 755 F.2d 141, 146 (10th Cir. 1985). The question of whether a claimant meets or equals a listed impairment is strictly a medical determination. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990); 20 C.F.R. §§ 404.1525(c)(3)-(4), 416.925(c)(3)-(4); 404.1526(b), 416.926(b). "The claimant has the burden at step three of demonstrating, through medical evidence, that his impairments "meet *all* of the specified medical criteria" contained in a particular listing. *Sullivan v. Zebley*, 493 U.S. at 530 (emphasis in original). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.*

Once the claimant has produced such evidence, the burden is on the ALJ to identify and discuss any relevant listings. *Fisher-Ross v. Barnhart*, 431 F.3d 729, 733 n. 3. In doing so, the ALJ must weigh the evidence and make specific findings to support the step three determination. *Clifton v. Chater*, 79 F.3d at 1009.

**B. Listing 1.04**

Listing 1.04 outlines the requirements to establish whether a presumptive disability exists in an individual with a disorder of the spine. Listing 1.04 can be satisfied three ways, as set forth in subsections (A)-(C) of Listing 1.04. All three subsections require that the claimant first establish that he has a disorder of the spine, "resulting in compromise of a nerve root (including the cauda equine) or the spinal cord." Listing 1.04. Subsection (A) requires additional proof that the claimant establish:

[1] [e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain,

[2] limitation of motion of the spine,

[3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and,

[4] if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

Listing 1.04(A).

Subsection (B) requires additional proof of:

spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours.

Listing 1.05(B).

**C. The ALJ's Step Three Findings**

At step three, the ALJ made the following findings:

The undersigned has also considered whether the claimant's degenerative disc disease meets or medical equals Listing 1.04. Imaging of the

claimant's back does not show any signs of spinal arachnoiditis, as required to meet Listing 1.04. The claimant's lumbar degenerative disc disease has caused pain to radiate into claimant's legs. However, a consultative examiner, Jim L. Burke, D.O., noted that the claimant had normal leg strength and no focal sensory deficits in November 2013. Furthermore, although the claimant has testified that he uses a cane to walk, the use of a cane does not prevent him from ambulating effectively as set forth in 1.00B2b. Accordingly, claimant's back impairment does not meet the criteria of Listing 1.04.

(TR. 26). (Citations omitted).

### D.  No Error in the ALJ's Step Three Analysis

Mr. Rolus' step three challenge is two-fold. First, Plaintiff argues that the ALJ ignored medical evidence which established that Plaintiff met Listing 1.04(A). Second, Mr. Rolus contends that the ALJ's step three findings were "incomplete" because the ALJ had not discussed the applicability of Listing 1.04(A).

#### 1. The ALJ Did Not Ignore Evidence and the Evidence Did Not Establish a Per Se Disability Under Listing 1.04(A)

Plaintiff's first challenge concerns whether the ALJ properly considered evidence which Mr. Rolus alleges rendered him disabled under Listing 1.04(A). At step two, the ALJ concluded that Plaintiff had a severe impairment involving degenerative disc disease. (TR. 25). This finding satisfied the initial criteria of Listing 1.04 which required proof of a "disorder[] of the spine." *See* Listing 1.04 (specifically mentioning degenerative disc disease as a "disorder of the spine."). But in addition to this initial determination and to meet Listing 1.04(A), Mr. Rolus had to present evidence that he suffered from:

> (1) evidence of nerve root compression,
>
> (2) limitation of motion of the spine,
>
> (3) motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and,
>
> (4) positive straight-leg raising test (sitting and supine).

Listing 1.04(A). Plaintiff cites medical evidence which shows that he suffered from nerve root impingement and that bilateral straight leg raise tests were positive. (ECF No. 13:9). The record supports Mr. Rolus' allegations, and additionally shows evidence of limitation in the motion of Plaintiff's spine. *See* TR. 352, 502, 508, 514 (MRI evidence showing nerve root compression at the S1 and L4 levels in Plaintiff's spine); TR. 424 (noting limited range of motion in Plaintiff's axial spine); TR. 424, 429, 452, 455, 459, 471 (evidence of positive bilateral straight leg tests both sitting and supine). But Mr. Rolus does not present any evidence that he suffered from motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory loss, which is required to prove a *per se* disability under Listing 1.04(A). In fact, the medical record provides evidence to the contrary. *See* TR. at 424 (findings from Dr. Burke stating that on examination, Plaintiff had "no evidence of muscular atrophy."); TR. at 429 (findings from Dr. Burke which show no sensory loss in Plaintiff's lumbosacral spine).

Mr. Rolus argues: (1) the ALJ ignored evidence of MRI findings which showed "nerve root impingement and compromise caused by plaintiff's degenerative disc disease" and evidence of positive bilateral straight leg tests and (2) that this evidence "support[ed] a finding that plaintiff meets Listing 1.04(A)." (ECF No. 13:9). Mr. Rolus is

incorrect on both counts. First, the ALJ specifically discussed this particular evidence and related findings. *See* TR. 28 (discussion of Plaintiff's lumber MRI in August 2012 and Dr. Burke's examination which revealed "positive straight leg raises."). Second, absent evidence of muscle atrophy/sensory loss, Mr. Rolus cannot meet Listing 1.04(A). *See Candelario v. Barnhart*, 166 F. App'x. 379, 384 (10th Cir. 2006) (rejecting plaintiff's claim that he had met Listing 1.04(A) because "there was no evidence of motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss . . . as Listing 1.04(A) requires.") (internal quotation marks omitted). Accordingly, the Court rejects Plaintiff's arguments that the ALJ had ignored certain medical evidence and that the evidence established that Plaintiff was presumptively disabled under Listing 1.04(A).

## 2. The ALJ's Discussion at Step Three was not Incomplete

Next. Mr. Rolus argues that the ALJ's step three discussion was "incomplete" because the ALJ appeared to have addressed criteria related only to Listing 1.04(B) and not Listing 1.04(A). The Court rejects this argument.

As stated, the burden of proof is on the Plaintiff to demonstrate, through medical evidence, that his impairments "meet *all* of the specified medical criteria" contained in a particular listing. *Sullivan v. Zebley*, 493 U.S. at 530 (emphasis in original). It is only once that burden has been met, that the ALJ has a duty to identify and discuss the relevant listings. *Clifton v. Chater*, 79 F.3d at 1009. Mr. Rolus argues that the ALJ failed to discuss the applicability of Listing 1.04(A), but the ALJ was under no such duty to

discuss the Listing absent medical evidence, presented by Mr. Rolus, that would establish that the Listing criteria had been met. *See Peck v. Barnhart*, 2006 WL 3775866, Westlaw op. at 3 (10th Cir. 2006) (error when ALJ failed to discuss the applicability of listing when "the evidence support[ed] [plaintiff's] argument that she me[t] or equal[ed] one of the impairments listed in the regulations.").

Here, Mr. Rolus presented evidence which established that he met three out of four of the criteria for Listing 1.04(A). But Plaintiff failed to submit medical evidence which established that he suffered from muscle atrophy/weakness or sensory loss which is required. *See* Listing 1.04(A). Moreover, the medical record proves otherwise, as one physician made a specific finding that Plaintiff suffered no muscle atrophy or sensory loss. *See* TR. 424, 429. Without proof of this final element, Plaintiff had not met his burden to show that the criteria for Listing 1.04(A) had been met. As a result, the ALJ was under no duty to discuss the applicability of that Listing.

Furthermore, even if the ALJ should have discussed the applicability of Listing 1.04(A) at step three, her failure to do so was harmless error in light of her findings at other steps of the disability determination. In *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004), the Tenth Circuit Court of Appeals defined its allowance of harmless error in the context of Social Security cases. The Court stated: "it nevertheless may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where, based on the material the ALJ did at least consider (just not properly), the court could confidently say that no reasonable

administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." However, in doing so, the Court expressed concern, stating:

> Two considerations counsel a cautious, if not skeptical, reception to this idea. First, if too liberally embraced, it could obscure the important institutional boundary preserved by *Drapeau's* admonition that courts avoid usurping the administrative tribunal's responsibility to find the facts. Second, to the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of administrative action recognized in *SEC v. Chenery Corp.,* 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943) and its progeny.

*Id.*

In *Fischer-Ross v. Barnhart*, 431 F.3d 729, 734 (10th Cir. 2005), the Tenth Circuit applied *Allen* in the context of considering listed impairments, and held that an error at step three is harmless if "confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review." Thus, under *Allen* and *Fischer-Ross*, the ALJ's failure to discuss the applicability of Listing 1.04(A) would be harmless if the ALJ's findings elsewhere established that the Listing had not been met.

Here, the ALJ acknowledged the Plaintiff's degenerative disc disease, limited range of motion in his spine, and bilateral positive straight leg raises. (TR. 25, 26, 28). The ALJ also discussed evidence which showed that Plaintiff suffered no motor loss with muscle weakness and sensory loss, elements which are required to prove a disability under Listing 1.04(A). The ALJ explained:

> Dr. Burke observed that the claimant's reflexes were intact, that he had no sensory deficits, and that he had full extremity strength suggesting

that his nerve involvement is not as constantly as serious as observed by Ms. Beamon. Ms. Beamon also noted in June 2014 that the claimant had a normal and full range of motion in all joints, further suggesting that the claimant's nerves are not extensively impinged.

(TR. 28). Even though these findings were not made during her step three analysis, the ALJ's discussion of this evidence confirms the step three determination and renders harmless any error in failing to specifically discuss Listing 1.04(A).

In sum, the ALJ's findings, coupled with indisputable aspects of the medical record, conclusively preclude findings that: (1) Mr. Rolus is presumptively disabled under Listing 1.04(A) and (2) the ALJ erred at step three.

## VI. PLAINTIFF'S CHALLENGES TO STEPS FOUR AND FIVE

In a single paragraph, Mr. Rolus challenges the ALJ's findings at steps four and five, arguing:

> At Step Four, the ALJ erred by explicitly finding that plaintiff's credibility was diminished by the fact that plaintiff only had "limited treatment" for his back pain. (Tr. At 29). These findings are outweighed by other facts and testimonial evidence that the ALJ failed to mention as part of her credibility analysis. Accordingly, at Step Five, the ALJ erred by conducting as improper analysis of whether "other jobs" existed in significant numbers throughout the national economy based on an erroneous formulating of the plaintiff's residual functioning capacity to work at Step Four.

(ECF No. 13:10-11). Plaintiff's step five challenge hinges on the step four challenge, which, in turn, is based on "other facts and testimonial evidence that the ALJ failed to mention." (ECF No. 13:10-11). But Mr. Rolus has not cited any specific portion of the record or testimony which he believes was not considered by the ALJ or would have otherwise affected the credibility determination. As a result, the Court concludes that

Mr. Rolus has waived any argument in this regard through a failure to develop his argument. *See Murrell v. Shalala,* 43 F.3d 1388, 1390 (10th Cir. 1994) (reasoning, in the Social Security context, that "perfunctory complaints [that] fail to frame and develop an issue sufficient to invoke appellate review" are forfeited); *Keyes–Zachary v. Astrue,* 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those contentions that have been adequately briefed for review."); *Franklin Sav. Corp. v. U.S.,* 180 F.3d 1124, 1128 n.6 (10th Cir. 1999) (arguments presented superficially are waived); *Murphy v. Astrue*, 2011 WL 2144610, at * 6 (W.D. Okla. May 14, 2011) (unpublished op.) (rejecting allegation of error for "failure to develop the factual—and legal—bases for [the] argument.").

## ORDER

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge **AFFIRMS** the Commissioner's decision.

ENTERED on September 22, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE